R. P. CHADWICK v. THE STATE.

No. 14462.   Delivered June 24, 1931.

*O'Brien Stevens,* District Attorney, and *E. T. Branch,* both of Houston, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The indictment under which appellant was tried charged the offense of forgery of a land title and contained averments to the effect that appellant had been previously convicted of an offense of like character; because of repetition of offenses, the penalty was assessd at confinement in the penitentiary for twenty years.

The state's testimony was in substance as follows: Appellant forged

the name of W. T. Flynn to a deed conveying a tract of land to appellant. The deed was placed on record by appellant in the county clerk's office, after appellant had acknowledged it before a notary as W. T. Flynn. W. T. Flynn gave appellant no authority to sign his name to the deed. Appellant represented to Mr. Graham, who was in the real estate business, that he wanted to exchange some of his property for land that he could subdivide. Mr. Graham wrote W. T. Flynn about trading his land to appellant. He received a reply wherein he was advised that Mr. Flynn might be interested in appellant's land. Appellant obtained the letter written by Mr. Flynn, thus getting the signature of Flynn, which he thereafter forged to the deed. Officers arrested appellant in Dallas, where he was going under the name of Smith. The forged deed was found in his possession.

Appellant testified that he had nothing to do with the forged instrument, and denied that it was found in his possession.

No bills of exception are brought forward.

The judgment is affirmed.

*Affirmed,*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, Presiding Judge.—Appellant, in his own behalf, has filed a motion for rehearing, also a statement that he desires to appeal to the Supreme Court of the United States. The motion for rehearing presents no matter that has not had full consideration on the original hearing. There are no legal questions raised by the record save the sufficiency of the evidence. The evidence given before the jury is deemed quite adequate to support the verdict.

Touching the appeal to the Supreme Court of the United States, the matter is not presented in a manner that can be considered. Since the appellant seems not to be represented by an attorney, we deem it not improper to advise him that the overruling of his motion for rehearing does not impair any right he may have to appeal to the Supreme Court of the United States.

The motion for rehearing is overruled.

*Motion overruled.*